**Ronald W. CUTBURTH,
Plaintiff–Appellant,**

v.

**WALDEN UNIVERSITY; Board of Directors, of Walden University; Don E. Ackerman; David Palmer; Kent Morrison; Dale Good; Brent Poppenhagen; Gwen Hillesheim; Ruth Maurer; Morton Teicher; David Hoye; James S. Bowman, Defendants–Appellees.**

**No. 00–6608.**

United States Court of Appeals,
Sixth Circuit.

June 20, 2001.

Before BOGGS and SUHRHEINRICH, Circuit Judges; CLELAND, District Judge.*

---

* The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

Ronald W. Cutburth appeals a district court order dismissing his action filed under 42 U.S.C. § 1983 and 28 U.S.C. § 1332. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Cutburth sued Walden University, its Board of Directors, and several of its employees and professors, alleging that the defendants violated federal criminal laws and his civil rights, and committed numerous state torts. The district court determined that Cutburth's complaint failed to state a claim and dismissed the case. Cutburth has filed a timely appeal.

Upon review, we conclude that the district court properly dismissed Cutburth's complaint for failure to state a claim. This court reviews de novo a district court's dismissal of a case for failure to state a claim. *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir.1998). The court must construe the complaint in the light most favorable to the plaintiff, accept his factual allegations as true, and determine whether he can prove any set of facts in support of his claims that would entitle him to relief. *Id.* Even if Cutburth's factual allegations are accepted as true, the district court properly determined that he can prove no set of facts which would provide him with the monetary or injunctive relief that he seeks.

Cutburth also argues that the district court did not permit him to amend his complaint. Cutburth filed a voluminous amended complaint and then a second amended complaint adding another count. Contrary to his assertions, the district court considered all of the claims raised in these complaints before dismissing the case. Additionally, Cutburth argues that the district court should have considered each one of the 53 counts in his complaints separately. Since the court carefully considered all of his potential theories for relief, his argument is without merit.

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.